**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA,
Plaintiff-Appellee,

v.

CSX CORPORATION; CSX
INTERMODAL, INCORPORATED; CSX
INTERMODAL, INCORPORATED, Motor

Carrier Operations; CSX SERVICES,
INCORPORATED; O-O TRUCK SALES,
INCORPORATED; CSX/SEA-LAND
TERMINALS, INCORPORATED; BARONIAL
TRANSPORTATION CORPORATION;
CUSTOMIZED TRANSPORTATION,
INCORPORATED; CUSTOMIZED
TRANSPORTATION, LIMITED,
Defendants-Appellants.

No. 97-2657

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-94-2543-Y)

Argued: April 7, 1998

Decided: July 2, 1998

Before WILKINSON, Chief Judge, and HAMILTON and
MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Kenneth C. Bass, III, VENABLE, BAETJER, HOWARD & CIVILETTI, L.L.P., Washington, D.C., for Appellants. Mark Andrew Dombroff, DOMBROFF & GILMORE, P.C., Washington, D.C., for Appellee. **ON BRIEF:** James K. Archibald, VENABLE, BAETJER, HOWARD & CIVILETTI, L.L.P., Washington, D.C., for Appellants. Thomas B. Almy, Mark E. McKinnon, DOMBROFF & GILMORE, P.C., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On May 16, 1994, a semitrailer that defendant CSX Intermodal, Inc. (CSXI) had loaded onto a flatbed railway car came loose on a moving freight train and rotated into the path of an Amtrak passenger train near Selma, North Carolina. The Amtrak train derailed, killing an assistant engineer and injuring eleven other people.

At the time of the accident CSXI held two insurance policies from plaintiff National Union Fire Insurance Company (National Union) for excess liability. The first of these, the lower level policy, provides up to $4,000,000 in excess liability coverage. This policy excludes from coverage any claims "involving the operation and maintenance of a railroad." It does not specify whether loading a semitrailer onto a railroad car would be considered "the operation and maintenance of a railroad."

The second policy, the upper level policy, provides for a further $20,000,000 in excess coverage above that provided by the lower level policy. In addition to an exclusion for operation and mainte-nance of a railroad, the upper level policy also explicitly excludes claims arising from the loading or unloading of a railroad car. Both parties agree that only the lower level policy is at issue in this appeal.

2

This dispute began when National Union filed an action in district court seeking a declaration that it was not obligated to defend or indemnify CSXI for the May 16, 1994, train accident. On January 18, 1996, the district court granted National Union a declaratory judgment after a bench trial. The court held that the train accident itself involved the operation of a railroad and was therefore excluded from coverage under the lower level policy. See National Union Fire Ins. Co. v. CSX Corp., Civ. No. Y-94-2453, slip op. at 5 (D. Md. Jan. 18, 1996). On April 14, 1997, we vacated that judgment and remanded the case for the district court to make the factual findings required for a determination whether the actions of CSXI, which included loading and fastening the trailer onto the railroad car, involved the operation of a railroad under the terms of the exclusion in the lower level policy. See National Union Fire Ins. Co. v. CSX Corp., 131 F.3d 135 (4th Cir. 1997) (table) (amended op.).

Our instructions on remand were misunderstood. The district court did not decide the factual dispute that governs whether the exclusion in the lower level policy applies. Rather, the court mistakenly referred to the language of the upper level policy, which explicitly excludes the loading of railroad cars from coverage, instead of the lower level policy, which only excludes the operation and maintenance of a railroad. National Union Fire Ins. Co. v. CSX Corp. , Civ. No. Y-94-2453, slip op. at 5 (D. Md. Nov. 14, 1997). The court then used the language of the upper level policy to conclude that the loading of railroad cars was excluded from coverage. See id.

In sum, the district court erred on remand by not considering the railroad operation exclusion in the lower level policy, which the parties agree is the applicable policy. The court further erred in failing to resolve the factual issue that is central to the coverage question -- whether CSXI's actions involved the operation of a railroad. Accordingly, we vacate the district court's memorandum opinion and order of November 14, 1997, and remand for reconsideration in light of what we have said here and in our prior opinion.

VACATED AND REMANDED